UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARY PISKURA, et al,**

        **Plaintiffs**

    v.                                Case No. 1:10-cv-248-HJW

**TASER INTERNATIONAL, INC., et al,**

        **Defendants**

### ORDER

Pending is the "Motion to Bifurcate Punitive Damages" (doc. no. 168) filed by defendant Taser International Inc. ("TASER"). Plaintiffs oppose the motion. On June 11, 2013, the Court held a hearing at which counsel presented oral arguments. Having fully considered the record, including parties' briefs, exhibits, oral arguments, and applicable authority, the Court will <u>deny</u> the motion without prejudice at this time for the following reasons:

**I. Background**

This case arises from the death of Kevin Piskura ("Piskura") due to cardiac arrest in April of 2008. His death occurred five days after an incident in which he was allegedly "tased" in the chest by police officers. Piskura, age 24, had been involved in an altercation in a bar, was removed by bouncers, and police officers had responded to the scene. Piskura was extremely intoxicated at the time. The parties do not dispute that police discharged the TASER Model X26 electrical control device ("ECD") at Piskura from close range, but dispute whether "delivery" of the device's electric charge actually occurred. TASER contends that although

Piskura immediately dropped to the ground, his death several days later was due to the effects of acute alcohol intoxication, rather than the effects of the ECD.

Piskura's parents, as next of kin and on behalf of their son's estate, filed a seven-count federal complaint against various defendants on April, 19, 2010. Extensive discovery ensued, certain claims were settled, and partial summary judgment was granted. The main claim still pending is the "failure to warn" claim, which concerns the sufficiency of the warnings issued by TASER with respect to discharging an "X26 ECD" device at a suspect's chest.[1] Plaintiffs seek punitive damages on the grounds that TASER allegedly knew that the X26 ECD device was substantially certain to cause serious injury or death when used in accordance with the manual instructions but failed to warn of such dangers. TASER has moved to bifurcate the trial as to punitive damages. The motion is fully briefed and ripe for consideration.

II. Discussion

TASER relies on Ohio law in urging the court to bifurcate the claim for punitive damages. Specifically, Ohio R.C. § 2315.21 (B)(1) provides that "[i]n a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated. . ."

Plaintiffs respond that bifurcation in this federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, rather than the Ohio statute (doc. no.

---

[1] Under Ohio law, any claims for damages for survivorship (¶¶ 77-83) and loss of consortium (¶¶ 84-87) are derivative of the underlying claim.

177 at 4-5). Rule 42(b) of the Federal Rules of Civil Procedure provides that:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). ). "It is well-established by a wealth of case law that ultimately the question of whether to conduct separate trials under Rule 42(b) should be, and is, a matter left to the sound discretion of the trial court on the basis of the circumstances of the litigation before it." Wright & Miller, Fed. Prac. & Proc. § 2388 (3d ed. 2013).

Plaintiffs argue that TASER has not shown that prejudice will be avoided or that judicial economy will be achieved, and therefore, this Court "should follow the traditional approach of conducting one consolidated trial with respect to compensatory and punitive damages" (doc. no. 177 at 3). Plaintiffs point out that in federal courts, "bifurcation is the exception, not the norm." See Wright & Miller, Fed. Prac. & Proc. § 2388 (3d ed. 2013) ("The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.").

TASER replies that an Ohio state case, <u>Havel v. Villa St. Joseph</u>, 131 Ohio St.3d 235 (2012), recently held that bifurcation is "a substantive legal right" (doc. no. 178). There, the Ohio Supreme Court examined the relation of a state court procedural rule (that gave state trial courts discretion to order separate trials) and the state statute (Ohio R.C. § 2315.21 (B)(1)), and concluded that the statute took

precedence over the rule. Id. at 246. The Havel court indicated that Ohio R.C. § 2315.21(B) "creates a substantive right to bifurcation in tort actions when claims for compensatory and punitive damages have been asserted." Id. TASER also points to two earlier unpublished federal district court cases where bifurcation was granted. Geiger v. Pfizer, Case No. 2:06-cv-636 (J. Marbley) (see docket entry 125), and Great West Casualty Co. v. Flandrich, Case No. 2:07-cv-1002 (J. Marbley) (see docket entry 89).

Other federal courts, in more recent cases, have found that the state court's characterization of Ohio R.C. § 2315.21 as "substantive" does not govern in federal court when considering whether to bifurcate. See Patel Family Trust v. AMCO Ins. Co., 2012 WL 2883726, *2 (S.D. Ohio) (J. Frost) (denying bifurcation and emphasizing that "a state's characterization of its own rule as 'substantive' instead of 'procedural' must yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court"); C.B. Fleet Co., Inc. v. Colony Specialty Ins. Co., 2013 WL 1908098, *5 (N.D. Ohio) (J. Polster) ("numerous cases have held § 2315.21(B) is entirely irrelevant to the issue of bifurcation [in federal court] because bifurcation is a procedural matter governed by federal law"). In other words, the federal rules govern procedures in cases brought in federal court. See Nationwide Mut. Fire Ins. Co. v. Jahic, 2013 WL 98059 (W.D.Ky.) (discussing the "ample precedent" holding that "federal law should govern bifurcation in diversity cases" in federal court); Wolkosky v. 21st Century Centennial Ins. Co., 2010 WL 2788676 (S.D.Ohio) (J. Frost) (same). This Court agrees with the holdings in this

line of cases, including <u>Patel Family Trust</u>, and finds that Fed.R.Civ.P. 42 governs the procedures in this federal court.

Based on the facts and arguments presently before this Court, the Court is not persuaded that bifurcation will enhance judicial economy, avoid prejudice, expedite the proceedings, or result in convenience to the parties. Fed.R.Civ.P. 42. The Court will deny this request without prejudice at this time.

Accordingly, the "Motion to Bifurcate Punitive Damages" (doc. no. 168) is DENIED without prejudice.

IT IS SO ORDERED.

                                           s/Herman J. Weber
                                     Herman J. Weber, Senior Judge
                                     United States District Court